## MATHIS v. RUNNELS COUNTY.

(Circuit Court of Appeals, Fifth Circuit. December 18, 1894.)

No. 252.

EVIDENCE—RECORDS—PAROL TESTIMONY TO VARY.

The constitution and statutes of Texas, relating to debts of municipal corporations, prohibit such corporations from contracting debts, unless payment thereof is provided for by taxes to be assessed and collected annually. In an action on certain county bonds it appeared that the record of the proceedings of the county commissioners' court, required by law to be kept, though not required to be made up in strict chronological order, contained a record of an order, in due form, providing for the issue of the bonds and for taxes to pay the same, which order purported to have been passed at a meeting held before the issue of the bonds, but was entered among the proceedings of another meeting, held after the bonds were issued. *Held,* that, as against a bona fide holder of the bonds for value, parol evidence could not be received to show that the order was not passed at the time it purported to be, but at the time when it was entered on the record, after the issue of the bonds.

In Error to the Circuit Court of the United States for the Northern District of Texas.

This is a suit to recover upon 50 interest coupon bonds, for $60 each, executed by the defendant county, dated April 10, 1890. These coupons are for interest for two years upon an issue of $20,000 bridge bonds issued by the defendant county under the provisions of an act of the legislature of the state of Texas entitled "An act to authorize counties to buy, construct, or contract for the use of bridges, and to issue bonds and levy taxes to pay for the same, approved April 4, 1887. The county had a contract for the building of three bridges with the Milwaukee Bridge & Iron Company, and from this company, Harris & Co. obtained the bonds and coupons for value, and plaintiff derived his title from Harris & Co. Default was made on the payment of the interest coupons due on the 10th day of April, 1891, and April 10, 1892, respectively, and this suit was commenced upon the 40 defaulted coupons, April 6, 1893. A number of exceptions are taken by the plaintiff to the rulings of the court below, but, in the view taken of the case, the only one necessary to be considered is the exception to defendant's original amended answer, and to the rulings of the court on the trial admitting evidence over the objection of the plaintiff. In the trial in the court below, the plaintiff, with other evidence shown by the record, offered a certified copy of an order bearing date February 10, 1890:

"The State of Texas: Be it remembered that on this, the 10th day of February, 1890, the county commissioners' court of Runnels county, convened in regular session at a regular term of said court, all the members of said, to wit, Hon. W. A. Proctor, Co. Judge, presiding, S. P. Brown, Com. Prect. No. 1, M. C. Bright, Com. Prect. No. 2, D. F. Higginbotham, Com. Prect. No. 3, E. W. Stokes, Com. Prect. No. 4, being present, the following order was made and duly entered on the minutes of said court, to wit: It is ordered by the county commissioners' court of said county that the bonds of said county to

the amount of twenty thousand dollars, with interest coupons thereto attached, be issued for the purpose of building and constructing bridges for public uses within said county, by virtue of and under the provisions of an act of the 20th legislature of the state of Texas, entitled 'An Act to authorize counties to buy, construct or contract for the use of bridges, and to issue bonds and levy taxes to pay for same, and to repeal all laws in conflict herewith,' approved April 4, 1887. Said bonds shall be in denominations of ($1,000) one thousand dollars each, numbered from one to twenty consecutively and inclusive, to become due and payable on the 10th day of April of each year, twenty years after date, to bear interest at the rate of 6 per cent. per annum, payable annually on the 10th day of April of each year. Interest and principal shall be made payable at the office of the treasurer of the state of Texas. Said bonds shall be signed by the county judge with the seal of the commissioners' court affixed, countersigned by the county clerk, and registered by the county treasurer. It is further ordered that a tax of fifteen cents on the one hundred dollars' valuation of all property situated in said county subject to taxation be annually levied and collected to pay the annual interest on said bonds, and to create a sinking fund of not less than four per cent. (4) or the full amount of said bonds for their redemption.

"The State of Texas, County of Runnels: I, W. L. Towner, clerk of the county court and ex officio clerk of the commissioners' court of Runnels county, Texas, do hereby certify that the above, foregoing, and attached instrument in writing contains a true and correct copy of the original, as the same appears of record in the minutes of the county commissioners' court of Runnels county in vol. 2, and at various terms. Given under my hand and seal of office, this, the 31st day of August, 1891. W. L. TOWNER,

"{ Seal } Clerk County Court and Ex Officio Commission-
{ Runnels County. } ers' Court of Runnels County, Texas."

Plaintiff called as a witness W. L. Towner, who testified that he was clerk of the commissioners' court during the year 1890, was still clerk, that no bridge bonds were issued during the year 1890, except the Milwaukee bridge bonds, admittedly the bonds in suit, and rested his case. Thereupon defendant's counsel called the same W. L. Towner as a witness, who testified that he had the original record book of the commissioners' court of Runnels county, which began in August, 1889, and was not yet closed, and the defendant county offered the minutes as made and entered in the original minutes of the commissioners' court.

Horace S. Oakley, for plaintiff in error.
C. O. Harris, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and BRUCE, District Judge.

BRUCE, District Judge (after stating the facts as above). This case comes here on writ of error. No question is made but that if the order of February 10, 1890, was passed by the commissioners' court of the defendant county on that date, then the bonds, or rather the interest coupons, sued on in this suit, are not obnoxious to the clauses of the constitution of the state which prohibit municipal corporations from creating debts unless payment of such debt is provided for by taxes to be assessed and collected annually. Const. art. 11, § 5, and section 7 of the same article. The proposition of the defendant county is to show by parol proof that the order of February 10th was not passed by the court on that date, as it purports to have been passed, but that it was passed at a call term of the court in July following, and after the bonds were issued. The commissioners' courts are required by law to procure suitable books, in which shall be recorded the proceedings of each term of court,

"which shall be read over and signed by the county judge or the member of the court presiding at the end of each term, and attested by the clerk." The law does not require that the proceedings of the court shall be recorded in strict chronological order.

An inspection of the record shows that the order of February 10th was entered at special term in July, but the question remains, when was it passed? Upon this question, over the objection of the plaintiff, the court admitted the testimony of the witnesses Towner, Willingham, Higginbotham, and Brown, to supplement the record, and contradict it as to the date when the order was passed. The plaintiff's proposition is that the records of the proceedings of a municipal corporation, when they are required by law to be kept by such corporation, import absolute verity, and in a collateral proceeding, after the rights of third parties have accrued, cannot be impeached by parol. A number of authorities are cited to this proposition, among which is the case of Bissell v. City of Jeffersonville, 24 How. 288; Dill. Mun. Corp. § 299. The testimony in the record is to the effect that the plaintiff is a holder for value of the bonds in question and the coupons in suit, without notice of any infirmity in the title to them; and, as against an innocent holder of the coupons, we think it was error to admit the parol testimony which was admitted, and the judgment of the court must therefore be reversed; and it is so ordered.